IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MANUEL BACA,

        Plaintiff,

v.                                           CV 14-800 WJ/WPL

FNU BRAVO, et al.,

        Defendants.

**ORDER DENYING MOTION TO AMEND COMPLAINT**

This matter is before me on Manuel Baca's Motion to Amend Complaint. (Doc. 12.) Baca's complaint comes under 42 U.S.C. § 1983. In his motion, Baca requests to add certain state agency defendants pursuant to Federal Rules of Civil Procedure 15(a) and 19(a). Rule 15(a) of the Federal Rules of Civil Procedure provides that "a party may amend its pleading once as a matter of course within 21 days after serving it." FED. R. CIV. P. 15(a)(1)(A). While it would appear that Baca could amend his complaint as a matter of course, this amendment would be futile and Baca's motion is therefore DENIED.

Baca seeks to add the New Mexico Corrections Department and the New Mexico Department of Transportation as defendants in this § 1983 action. (Doc. 12.) Both are state agencies. State agencies are not "persons" within the meaning of § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Davis v. Bruce*, 129 F. App'x 406, 408 (10th Cir. 2005).

"[A] . . . court may refuse to allow amendment if it would be futile." *Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1018 (10th Cir. 2013) (citing *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007)). "'A proposed amendment is futile if the complaint, as amended,

would be subject to dismissal.'" *Full Life Hospice*, 709 F.3d at 1018 (quoting *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004)).

Because the would-be defendants are not "persons" within the meaning of § 1983, allowing Baca leave to amend and add these agencies would be futile.

IT IS SO ORDERED.

_____
WILLIAM P. LYNCH
UNITED STATES MAGISTRATE JUDGE